BERNARD N. BERG and CLEO F. BERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berg v. Commissioner
Docket No. 7568-76.
United States Tax Court
T.C. Memo 1979-58; 1979 Tax Ct. Memo LEXIS 468; 38 T.C.M. (CCH) 233; T.C.M. (RIA) 79058; February 20, 1979, Filed *468 Held, petitioners' hog farrowing structure is a single purpose agricultural structure as defined under sec. 48(a)(1), I.R.C. 1954, as amended by the Revenue Act of 1978, and, accordingly, its entire cost qualifies for the investment credit provided by sec. 38, I.R.C. 1954. Donald N. Laing and D. Scott Railsback, for the petitioners. Leonard A. Hammes, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 855 in petitioners' Federal *469 income taxes for 1973. The sole issue for decision is whether the structure petitioners built for farrowing hogs is qualified for the investment credit provided by section 38. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Bernard N. (hereinafter petitioner) and Cleo F. Berg, husband and wife, resided at Wellman, Iowa, when they timely filed their 1973 joint Federal income tax return and when they filed their petition in this case. In 1973, petitioner purchased a hog farrowing structure for a total purchase price of $ 22,312.38 broken down as follows: Paid to Farmstead Industries - Order No. 1607
$ 20,120.88
Paid to Farmstead Industries - Order No. 1609
66.50
Cost of materials for portion constructed
by taxpayer
2,125.00
$ 22,312.38
The hog farrowing structure is rectangular in shape and has a slanted roof. The roof and sides are made of aluminum and the frame is made of Douglas Fir. It contains 26 hog pens, 13 on each side of an aisle made of wood. There are metal slats in the portion of the *470 floor enclosed by the pens. The floor rests on joists which are attached to the sides of the structure. Beneath the floor of the entire structure is a pit which serves as a manure disposal system. The hog farrowing structure has an automatic ventilating system. Air comes in from the ducts located in the middle of the ceiling, goes down through the pit, and out through the air vent chambers in the walls. Inside the structure there are five fans with automatic controls. The hog farrowing structure also has automatic watering and heating systems. Prior to assembly, the structure consists of two halves that are constructed in a factory. Each half is transported on a trailer before being connected together on the site where the hog farrowing structure is to be located. Floor plan variations inside the basic shell make maximum versatility possible. The hog farrowing structure at issue has only three sides. The fourth side is the side of another hog farrowing structure petitioner purchased in 1970. From the outside the two hog farrowing structures appear to be a continuous structure, but a wall and door on the inside separates them. Grain for feeding the hogs enters the *471 hog farrowing structure built in 1970 from a bulk tank outside the structure. The grain is taken by wheelbarrow into the hog farrowing structure at issue. From the wheelbarrow the food is manually dumped into a food container attached to each of the 26 pens. The pig's snout hits the container and causes the food to drop down by gravity. Petitioner had seven structures on his farm in 1973 for his hog raising activities. Three of these structures were hog farrowing structures. The other four structures were hog nursery structures. The sow has her pigs in the hog farrowing structure. About three weeks after birth, the pigs are taken to the hog nursery structures. On his return for 1973, petitioner claimed an investment credit on the total cost of the hog farrowing structure, or $ 22,312.00 X 7% = $ 1,562.00. Respondent determined that $ 12,219.00 of the $ 22,312.00 expended for the hog farrowing structure was not eligible for the investment credit because it was attributable to the building portion of the structure which is not "section 38 property." Respondent made his determination as follows: 50% of $ 20,187 (cost of building portion
and equipment)
$ 10,094
Cost of materials for portion constructed
by taxpayer
2,125
Total cost of building portion
$ 12,219
*472 OPINION We must determine whether petitioner is entitled to an investment credit on $ 12,219, the respondent's determination of the cost of the building portion of petitioner's hog farrowing structure, or on the total cost of this facility. In view of section 314 of the Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. 2827-28, amending section 48(a)(1) of the Code, Congress has essentially decided the issue in this case. Section 38 allows a credit against income tax for investment in "section 38 property." Section 48(a)(1) defines the term "section 38 property." Section 48(a)(1), as now amended by the Revenue Act of 1978, broadens the definition of "section 38 property" to now include investment credit for: (D) single purpose agricultural or horticultural structures. This amendment is effective for taxable years which end on or after August 15, 1971. The Senate Report in its explanation of this amendment stated in part (see S. Rept. No. 95-1263, p. 117, 95th Cong., 2d Sess. (1978): It is intended that this provision be broadly construed to apply to all types of special purpose structures and enclosures used to breed, raise and feed livestock and poultry (including *473 the production of eggs and milk), and for the cultivation of plants. Thus this provision will cover unitary hog, poultry, and cattle-raising systems, milking parlors, and greenhouses used to produce either plants or plant products. [Emphasis added.] Moreover, the Conference Report No. 95-1800, 95th Cong., 2d Sess. (1978), of the Revenue Act of 1978 provides that the life of the structure need not be contemporaneous with the equipment it houses and that the property will be qualified for the credit even if working space is provided for caring for the livestock. If a structure is otherwise qualified as a single purpose structure, the only additional requirement stated in the Report is that it be used exclusively for the purpose for which it was specifically designed and constructed. The record in this case establishes that the structure in issue is a single purpose agricultural structure specially designed for farrowing hogs and used exclusively by petitioner for that purpose. It is therefore unnecessary for us to review the case law relevant to this case prior to the amending of this statute. To reflect the foregoing, Decision will be entered for the petitioners.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩